**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IHTESHAM ANSARI,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE CREDIT &<br>COLLECTION INC.,<br><br>Defendant. | Case No.   1:18-cv-04521 |

**COMPLAINT**

NOW COMES Plaintiff, IHTESHAM ANSARI, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, NATIONWIDE CREDIT & COLLECTION INC., as follows:

**NATURE OF THE ACTION**

1. This is an action brought by a consumer seeking redress for violation(s) of the automatic stay, 11 U.S.C. § 362; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's automatic stay violation claims.

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiff's FDCPA claims.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims.

4. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## PARTIES

5. IHTESHAM ANSARI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. NATIONWIDE CREDIT & COLLECTION INC. ("Defendant") is a domestic corporation with its principal place of business in Oak Brook, Illinois.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. From February 13, 2016 to November 8, 2016, Defendant incurred multiple balances with DuPage Medical Group.

15. From November 7, 2016 to May 1, 2017, these debts were referred to Defendant for collection.

16.  During this same period, Defendant maintained a steadfast telephone harassment campaign against Plaintiff in an attempt to collect on behalf of Dupage Medical Group.

17.  In mid-May, 2017, Plaintiff answered, and was received by silence then audible clicking, before he was connected to a live representative.

18.  Specifically, Plaintiff experienced clear pause from when she said "hello," to when a live representative introduced them self before Plaintiff demanded that they stop calling.

19.  Despite Plaintiff's demand that they stop calling, Defendant continued to call Plaintiff's cellular telephone.

20.  Indeed, Defendant placed (or caused to be placed) no less than 20 unconsented-to calls to Plaintiff despite Plaintiff's demand that they stop calling.

21.  On August 31, 2017, Plaintiff initiated a bankruptcy case in the Northern District of Illinois by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

22.  The schedules filed by Plaintiff listed Defendant on Schedule F: Creditors Who Have Unsecured Claims.

23.  A true and correct representation of Plaintiff's Schedule F is shown below:

| 4.25 | Nationwide Credit & Collections, Inc<br>Nonpriority Creditor's Name<br>Attn : Bankruptcy<br>815 Commerce Dr Ste 270<br>Oak Brook, IL 60523<br>Number Street City State Zip Code<br>Who incurred the debt? Check one.<br>■ Debtor 1 only<br>☐ Debtor 2 only<br>☐ Debtor 1 and Debtor 2 only<br>☐ At least one of the debtors and another<br>☐ Check if this claim is for a community debt<br>Is the claim subject to offset?<br>■ No<br>☐ Yes | Last 4 digits of account number  2326<br>When was the debt incurred?  Opened 12/16<br><br>As of the date you file, the claim is: Check all that apply<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br>Type of NONPRIORITY unsecured claim:<br>☐ Student loans<br>☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims<br>☐ Debts to pension or profit-sharing plans, and other similar debts<br>■ Other. Specify  Original Creditor: Dupage Medical Group | $447.00 |

| 4.26 | Nationwide Credit & Collections, Inc | Last 4 digits of account number 1732 | $31.00 |
|---|---|---|---|

Nonpriority Creditor's Name
**Attn : Bankruptcy**
**815 Commerce Dr Ste 270**
**Oak Brook, IL 60523**
Number Street City State Zip Code

When was the debt incurred? **Opened 12/16**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Original Creditor: Dupage Medical Group**

| 4.27 | Nationwide Credit & Collections, Inc | Last 4 digits of account number 8294 | $181.23 |
|---|---|---|---|

Nonpriority Creditor's Name
**Attn : Bankruptcy**
**815 Commerce Dr Ste 270**
**Oak Brook, IL 60523**
Number Street City State Zip Code

When was the debt incurred? **Opened 12/16**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Original Creditor: Dupage Medical Group**

24. Notice of Plaintiff's bankruptcy case was sent to Defendant at 815 Commerce Drive, Suite 270, Oak Brook, Illinois 60523 by first class mail on September 3, 2017.

25. A true and correct representation of the Certificate of Notice is shown below:

```
In re:                                                              Case No. 17-26312-JSB
Ihtesham Ansari                                                     Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0752-1          User: kcollopyn         Page 1 of 2         Date Rcvd: Sep 01, 2017
                              Form ID: 309I           Total Noticed: 60

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 03, 2017.
db         +Ihtesham Ansari,    2720 S. Highland Ave.,   Apt No 212,   Lombard, IL 60148-5302
tr         +Glenn B Stearns,    801 Warrenville Road Suite 650,   Lisle, IL 60532-4350
25974425   +ARSI,   555 St. Charles Drive,   Suite 100,   Thousand Oaks, CA 91360-3983
25974428   +BCA Financial Services, Inc,   18001 Old Cutler Road,   Suite 462,   Miami, FL 33157-6437
25974430   +Bmo Harris Bank,   Po Box 1111,   Madison, WI 53701-1111
25974435   +Citibank,   Citicorp Cr Srvs/Centralized Bankruptcy,   Po Box 790040,   S Louis, MO 63179-0040
25974437    Citibank,   Attn: Bankruptcy Dept,   Po Box 790034,   Saint Louis, MO 63179-0034
25974438   +Citicards Cbna,   Citicorp Credit Svc/Centralized Bankrupt,   Po Box 790040,
             Saint Louis, MO 63179-0040
25974443   +DuPage Emergency,   PO Box 366,   Hinsdale, IL 60522-0366
25974444   +DuPage Emergency Physicians,   PO Box 366,   Hinsdale, IL 60522-0366
25974445   +DuPage Emergency Physicians,   PO Box 88495 Dept A,   Chicago, IL 60680-1495
25974446    DuPage Medical Group,   15921 Collections Center Drive,   Chicago, IL 60693-0159
25974448   +ERC,   P. O Box 23870,   Jacksonville, FL 32241-3870
25974449   +Harris & Harris, Ltd.,   111 West Jackson Boulevard, Suite 400,   Chicago, IL 60604-4135
25974451   ++ILLINOIS DEPARTMENT OF REVENUE,   BANKRUPTCY DEPARTMENT,   P O BOX 64338,
             CHICAGO IL 60664-0338
            (address filed with court: Illinois Department of Revenue,   Bankruptcy Unit,   PO Box 19035,
             Springfield, IL 62794-9035)
25974450   +Illinois Collection Service Inc,   PO Box 1010,   Tinley Park, IL 60477-9110
25974452   +Integrated Imaging Consultants,   POBox 95040,   Chicago, IL 60694-5040
25974453    LabCorp,   Po Box 2240,   Burlington, NC 27216-2240
25974455   #+Mandarich Law Group, LLP,   1 N. Dearborn Street, Suite 650,   Chicago, IL 60602-4347
25974458   +Merchants Credit,   223 W Jackson Blvd,   Ste 700,   Chicago, IL 60606-6914
25974459   +Merchants Credit,   223 W Jackson Blvd Ste 7,   Chicago, IL 60606-6914
25974460   +Michael Hill Card,   POBox 280,   West Jordan, UT 84084-0280
25974462   +Monterey Col,   4095 Avenida De La Plata,   Oceanside, CA 92056-5802
25974463   +Nasa Federal Credit Un,   500 Prince Georges Blvd,   Upper Marlboro, MD 20774-8732
25974465   +Nationwide Credit & Collections, Inc,   815 Commerce Dr Ste 270,   Oak Brook, IL 60523-8852
25974464   +Nationwide Credit & Collections, Inc,   Attn : Bankruptcy,   815 Commerce Dr Ste 270,
             Oak Brook, IL 60523-8852
```

26. Despite Plaintiff's bankruptcy case filing, Defendant continued to call Plaintiff's cellular telephone.

27. Indeed, Defendant placed (or caused to be placed) no less than 7 unconsented-to calls to Plaintiff despite Plaintiff's bankruptcy case filing including, but not limited to on:

        November 2, 2017        December 11, 2017
        November 14, 2017       December 18, 2017
        November 14, 2017       December 18, 2017
        November 28, 2017

28. Upon information and belief, Defendant placed or caused to be placed the aforementioned calls to Plaintiff's cellular telephone using a predictive dialer[1].

29. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the number ending in 3378.

30. At all times relevant, Plaintiff's number ending in 3378 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

31. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

## DAMAGES

32. Defendant's collection calls have severely disrupted Plaintiff's everyday life and overall well-being.

33. Defendant's collection calls have resulted in aggravation, confusion, and frustration, as Plaintiff was led to believe that filing bankruptcy had no legal effect.

34. Defendant's telephone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity

---

[1] A predictive dialer is an outbound calling system that automatically dials from a list of telephone numbers. Like other types of autodialers (also called robodialers), predictive dialers call numbers automatically and can help agents screen for busy signals, voicemails, no-answers and disconnected numbers.

costs required to recharge their cellular telephone as a result of increased usage of his telephone services.

## CLAIMS FOR RELIEF

### Count I:
### Automatic Stay (11 U.S.C. § 362)

35. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

36. The principal purpose of the United States Bankruptcy Code is to grant a "fresh start" to the "honest but unfortunate debtor."

37. The automatic stay enjoins a creditor from acting to collect, assess or recover claims against a debtor that arose prepetition.

38. Defendant took action to collect or recover against Plaintiff by placing no less than 7 collection calls to Plaintiff despite being enjoined by the automatic stay.

39. A violation of the automatic stay is "willful" when a creditor with knowledge that a bankruptcy case has been filed commits an intentional act that violates the automatic stay.

40. There is no question that when Defendant took action to collect or recover against Plaintiff they did so with actual notice of Plaintiff's bankruptcy case filing.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 11 U.S.C. § 362(a)(6);

B. award any actual damages, as the Court may allow pursuant to 11 U.S.C. § 362(k)(1);

C. award any punitive damages, as the Court may allow pursuant to 11 U.S.C. § 362(a)(

7

D. award costs and attorneys' fees as the Court may allow pursuant to 11 U.S.C. § 362(a)(; and

E. award such other relief as this Court deems just and proper.

## Count II
## Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

42. Upon information and belief, the medical accounts sought by Defendant is a "debt" as defined by 15 U.S.C. § 1692a(5).

43. Upon information and belief, Defendant is attempting to collect a debt used for "family, household, or personal purpose" as defined by 15 U.S.C. § 1692a(5).

### Violation(s) of 15 U.S.C. §§ 1692d, and d(5)

44. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

45. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

46. Defendant violated 15 U.S.C. § 1692d by placing or causing to be placed no less than 20 collection calls to Plaintiff despite Plaintiff's demand that they stop.

47. Defendant violated 15 U.S.C. §1692d(5) by placing or causing to be placed no less than 20 collection calls to Plaintiff despite Plaintiff's demand that they stop.

48. Defendant's behavior of repeatedly placing or causing to be placed collection calls to Plaintiff was abusive, harassing, and oppressive.

49. Plaintiff may enforce the provisions of 15 U.S.C. §§1692d, and d(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692d and d(5);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

**COUNT III:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)**

50. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

51. Defendant placed or caused to be placed non-emergency calls, including but not limited to the aforementioned calls, to Plaintiff's cellular telephone number ending in 3378 utilizing an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

52. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

53. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

54. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

55. Upon information and belief, based on the lack of prompt human response, Defendant employed a predictive dialer to place calls to Plaintiff's cellular telephone.

56. Upon information and belief, the predictive dialer employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

57. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

58. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiffs are entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 47 U.S.C. §227 (b)(1)(A)(iii);

B. enjoin Defendant from placing calls to Plaintiff pursuant to 47 U.S.C. § 227(3)(A);

C. award statutory damages of $500.00 for each such violation pursuant to 47 U.S.C. § 227(3)(B);

D. award treble damages up to $1,500.00, for each such violation pursuant to 47 U.S.C. § 227(3)(C); and

E. award such other relief as this Court deems just and proper.

**Plaintiff demands trial by jury.**

June 29, 2018
Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Ihtesham Ansari*