IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IHTESHAM ANSARI, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE CREDIT & COLLECTION INC., <br><br> Defendant. | Case No. 1:18-cv-04521 <br><br> Honorable Ruben Castillo <br><br> Honorable Jeffrey T. Gilbert <br> Magistrate Judge |

## INITIAL STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Case Procedures, the parties submit the following Initial Status Report.

**A.    Nature of the Case**

**1.    Basis for jurisdiction, nature of the claims and counterclaims**

The Court has subject matter jurisdiction over Plaintiff's automatic stay claims pursuant to 11 U.S.C. § 362(k). The Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The Court has federal question jurisdiction over Plaintiff's Telephone Consumer Protection Act ("TCPA") claims pursuant to 28 U.S.C. § 1331. Plaintiff's claims are founded on alleged improper collection activities relating to calls placed to Plaintiff by Defendant in violation of 11 U.S.C. § 362(a)(6) as well as 15 U.S.C. §§ 1692d and d(5); as well as calls placed to Plaintiff by an automated telephone dialing system or an artificial or pre-

1

recorded voice to a telephone number assigned to a cellular telephone service by Defendant in violation of the 47 U.S.C. §227 (b)(1)(A)(iii).

2. **Relief sought by plaintiff, including computation of claimed damages, if available.**

As a result of Defendant's alleged violation(s) of 11 U.S.C. § 362(a)(6), Plaintiff is seeking (i) any actual damage, (ii) any punitive damages, and (iii) the costs of the action, together with reasonable attorney's fees as determined by the court.  As a result of Defendant's alleged violation(s) of 15 U.S.C. §§ 1692d and d(5), Plaintiff is seeking (i) any actual damage, (ii) such additional damages as the court may allow, but not exceeding $1,000.00, and (iii) the costs of the action, together with reasonable attorney's fees as determined by the court.  As a result of Defendant's alleged violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is seeking no less than $500.00 in statutory damages, for each and every violation, or $5,000.00.  As a result of Defendant's alleged knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is seeking up to $1,500.00 in treble damages, for each and every violation, or $15,000.00.

3. **Names of any parties that have not been served.**

None.

4. **Major factual and legal issues.**

(1) Whether Plaintiff consented to receive calls made by an automated telephone dialing system or an artificial or pre-recorded voice to a telephone number assigned to a cellular telephone service?  (2) Whether Defendant utilized an automated telephone dialing system or an artificial or pre-recorded voice to make a call

2

without the prior express consent to a telephone number assigned to a cellular telephone service? (3) Whether Plaintiff revoked express consent to be called using any reasonable method? (4) Whether an award of treble damages is warranted? (5) Whether Defendant engaged in conduct to harass, oppress, or abuse Plaintiff? (6) The amount, frequency, and/or number of calls made by Defendant using an automated telephone dialing system to Plaintiff's cellular telephone service? (7) Whether Defendant had knowledge that a bankruptcy case had been filed? (8) Whether Defendant committed an intentional act that violates the stay? (9) Whether Defendant has any defenses to Plaintiff's claims? (10) Whether the debts Defendant attempted to collect were included in the subject bankruptcy proceeding? (11) Whether Plaintiff suffered any damages and the extent of any damages?

5. **Citations to key authorities which will assist the Court in understanding and ruling on the issues.**

None.

B. **Preparation of Draft Scheduling Order**

1. **The general type of discovery needed;**

Oral and written.

2. **A date to issue written discovery;**

October 12, 2018

3. **A date for the deadline for the amendment of pleadings;**

December 11, 2018.

4. **A fact discovery completion date;**

3

February 8, 2019.

5. **An expert discovery completion date, including dates for the delivery of expert reports; and**

April 12, 2019.

Plaintiff's expert report by March 1, 2019.

Defendant's expert report by March 22, 2019.

6. **A date for the filing of dispositive motions.**

May 10, 2019.

C. **Trial Status**

1. **Whether or not a jury has been requested.**

Plaintiff demanded a trial by jury.

2. **Probable length of the trial.**

The parties believe a jury trial will last no more than three (3) days.

D. **Consent to Proceed Before a Magistrate Judge**

1. **Whether or not the parties will consent to proceed before a Magistrate Judge for all proceedings including trial.**

The parties will not consent to proceed before a Magistrate Judge for all proceedings including trial.

E. **Settlement Status**

1. **Whether or not settlement discussions have been held and the status of those discussions, if any.**

No settlement discussions have been held.

September 6, 2018                                     Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-581-5450
+1 630-575-8180
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Ihtesham Ansari*

*/s/ Lindsey A.L. Conley (with consent)*

David M. Schultz
Lindsey A.L. Conley
**HINSHAW & CULBERTSON LLP**
151 North Franklin Street
Suite 2500
Chicago, Illinois 60606
+1 312-704-3445
+1 312-704-3719
dschultz@hinshawlaw.com
lconley@hinshawlaw.com

*Counsel for Nationwide Credit & Collection Inc.*

302473284v1 1011516

302473284v1 1011516